UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Case No. 22-20477
                                                 Honorable Victoria A. Roberts

RONALD CARTER,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS

**I.   INTRODUCTION**

Roland Carter is charged as a felon in possession of a firearm.

Police officers discovered a loaded Glock 23 semiautomatic handgun with an extended magazine while searching behind a plastic panel in Carter's 2022 Ford Escape. The issue before the Court is whether Detroit Police Department ("DPD") officers violated Carter's Fourth Amendment rights when they searched his car without a warrant.

Because DPD's search is protected under the automobile exception to the Fourth Amendment, the Court **DENIES** Carter's Motion and declines to address the inevitable discovery issue raised.

1

## II.   BACKGROUND

On August 25, 2022, DPD officer Deshawn Perry observed Carter driving. His speed was slightly above the limit and Perry says Carter stopped too far into a crosswalk. Perry initiated a lawful traffic stop. Carter complied; he pulled into a Citgo gas station. Perry followed Carter and says he observed Carter making furtive gestures toward his lower right side.

After Carter parked his car, officers Perry and Michael Flannel approached. Perry observed a red solo cup containing what he believed to be alcohol in a cup holder near Carter. Flannel observed an open bottle of Lunazul Reposado tequila in the back seat. There were three passengers in Carter's vehicle.

Perry spoke with Carter and discovered that Carter did not have a valid driver's license and the Escape was a rental that was not in his name. Perry detained Carter and placed him in the back of the patrol car while officer Flannel removed and detained the other occupants.

Perry then returned to Carter's car, and he, too, saw the open bottle of tequila. Perry began his search of the Escape. Perry says the red solo cup with suspected alcohol and the open liquor bottle led him to believe there might be more open containers of alcohol in the vehicle.

Perry searched the front seat and observed that the plastic panel on the driver's side just above the floorboard was ajar. Perry felt under the panel because of Carter's earlier furtive gestures. Perry felt a hard metal object that he initially thought was part of the car.  He continued searching the vehicle in other places. After about three minutes, Perry returned to the driver's side area to inspect the plastic panel further.

This time, Perry reached under the panel and lifted it with both hands. The gun and an extended magazine fell out and the panel returned to its flush position. Once Perry learned that no one had a license to carry the weapon, he arrested Carter for the firearm and impounded the Escape.

### III.   DISCUSSION

Carter does not contest the validity of the traffic stop and concedes he had an open bottle of alcohol in plain sight in his car. However, he challenges the constitutionality of Perry's search. Carter says that officers did not have a warrant to search his car and they had no probable cause that would trigger the automobile exception to the warrant requirement. Carter also claims that even if officers had probable cause, they did not have probable cause to search under the panel.

The government disagrees. It points to the open bottle of liquor in the car, furtive gestures by Carter, and the red solo cup containing suspected

alcohol within Carter's reach to establish probable cause to search the car and the panel.

The Fourth Amendment requires police officers to obtain a warrant before conducting a search. *United States v. Smith*, 510 F.3d 641, 647 (6th Cir. 2007) (citing *Maryland v. Dyson*, 527 U.S. 465, 466 (1999)). However, the United States Supreme Court established an exception to the warrant requirement for automobiles. *Id*. "Under the automobile exception, police officers may conduct a warrantless search of a vehicle if they have 'probable cause to believe that the vehicle contains evidence of a crime.'" *Id*. (quoting *United States v. Lumpkin*, 159 F.3d 983, 986 (6th Cir. 1998)).

But access to the automobile is not unfettered. The scope of an automobile search is limited to places where there is probable cause to believe additional evidence of the crime may be located. *United States v. Ross*, 456 U.S. 798, 824, 102 S. Ct. 2157, 2172, 72 L. Ed. 2d 572 (1982). Thus, an officer conducting a search under the automobile exception needs probable cause to believe (1) the vehicle contains evidence of a crime and (2) the evidence is in the particular place searched.

Probable cause exists when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Smith*, 510 F.3d 631, 650 (6th Cir. 2007). "Whether the

police have probable cause to support a warrantless automobile exception search requires an examination of the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 233, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)*.*

To summarize: a warrantless search is permitted when officers believe there is a reasonable chance that evidence of a crime is in a vehicle, and, officers may only examine parts of that vehicle where they reasonably believe evidence of the crime will be located.

**A. Probable Cause to Conduct the Warrantless Search**

The parties agree that Carter had an open bottle of liquor in his vehicle. Under MCL 257.624a (1), it is a crime for an operator of a vehicle to transport or possess alcoholic liquor in an open container. If the vehicle does not have a trunk, the statute permits open containers in a locked glove compartment, behind the last upright seat, or in an area not usually occupied by the operator or passengers. MCL 257.624a (2).

Because the Escape had no trunk, Carter was permitted to have an open bottle of alcohol in the car so long as it remained in the places permitted by statute. But Carter's bottle was not in any of those places. Officers found the open bottle of tequila behind the driver's seat, in violation of MCL 257.624a. This gave Perry probable cause to search the vehicle. *See United States v. Howton*, 260 F. App'x 813, 817 (6th Cir. 2008) ("Once

[the officer] discovered that [the defendant] was transporting open, alcoholic liquor in violation of Illinois law, ... he had probable cause to believe that the car contained additional contraband or evidence," quoting *United States v. McGuire*, 957 F.2d 310, 314 (7th Cir.1992).)

### B. Probable Cause to Search Under the Panel

Carter says that even if Perry had probable cause to search the Escape, he did not have probable cause to search under the panel because there was not a reasonable chance that another bottle of alcohol would be concealed there.

Again, the government disagrees and claims that once Perry had probable cause to search the car, he could search wherever alcohol could be. The government argues that if the space could conceal a firearm and an extended magazine, there is a reasonable chance it could have concealed alcohol—especially considering the variety in alcohol containers. The government also defends its probable cause conclusion and the scope of the search by relying on Carter's furtive gestures toward the panel area, the red solo cup, and the fact that the plastic panel was ajar. The government's position is persuasive; the facts suggest there was a reasonable chance that additional evidence may have been under the panel.

Absent these facts, Perry's search of Carter's car might give the Court pause. However, under the totality of circumstances, these observations demonstrate that it was reasonable for Perry to believe there would be additional evidence of open container violations under the ajar panel.

Carter suggests Perry relied on a mere hunch when he searched under the panel. That is not the case. Perry points to specific and articulable facts and observations which support his suspicion that evidence of violation of the open container law could be behind the panel.

## IV. CONCLUSION

The Court **DENIES** Carter's motion.

**IT IS ORDERED.**

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: December 7, 2022