UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                              Case No. 22-20477
                                          Honorable Victoria A. Roberts

RONALD CARTER,

      Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

### I. Introduction

Ronald Carter is charged in two Counts as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On March 8, 2023, he moved to dismiss the charges against him under the Second Amendment.

Relying on the Supreme Court's ruling in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), Carter asks the Court to declare the §922(g)(1) statutory scheme unconstitutional because possession of a firearm comes within the "plain text" of the Second Amendment and his possession of a firearm is constitutionally protected despite his felon status.

Convicted felons nationwide have challenged the constitutionality of § 922(g) under *Bruen*. Federal courts in every circuit almost universally reject these arguments.[1] This Court does the same.

## II.  Law and Analysis

*Bruen* establishes a two-part test that courts must apply when evaluating whether a firearm regulation comports with the Second Amendment. In the first step, the court determines if the Second Amendment's plain text covers an individual's conduct. If it does, the Constitution presumptively protects that conduct and we move to the second prong of the analysis, which requires the government to justify the regulation. It may do so by demonstrating that the regulation is consistent with the nation's historical tradition of firearm regulation. *Id.*

Carter says the Second Amendment protects his conduct, and the government cannot show § 922(g)(1) is consistent with the nation's tradition of firearm regulation.

---

[1] *See United States v. Smith*, No. 22-CR-20351, 2023 WL 2215779 (E.D. Mich. Feb. 24, 2023); *United States v. Collette*, No. 22-cr-141, 2022 WL 4476790 (W.D. Tex. Sept. 25, 2022); *United States v. King*, No. 21-cr-255, 2022 WL 5240928 (S.D.N.Y. Oct. 6, 2022); *United States v. Cockerham*, No. 5:21-cr-6, 2022 WL 4229314 (S.D. Miss. Sept. 13, 2022); *United States v. Hill*, No. 21-cr-107, 2022 WL 4361917 (S.D. Cal. Sept. 20, 2022); *United States v. Jackson,* No. CR 21-51, 2022 WL 4226229 (D. Minn. Sept. 13, 2022). *See also* the Government's Appendix [ECF No. 49, PageID.375-78]

For the reasons that follow, the Court need not reach the second sept of the *Bruen* analysis.

### A. Carter's Conduct Falls Outside The Bounds Of The Second Amendment.

Convicted felons such as Carter are not protected by the Second Amendment. *See District of Columbia v. Heller,* 554 U.S. 570 (2008).

*Heller* recognizes "the right of law-abiding, responsible citizens to use arms in defense of hearth and home." *Id*. at 635. Courts interpret *Heller's* emphasis on "law-abiding citizens" to clarify the bounds of the plain text of the Second Amendment and permit restrictions that prevent dangerous individuals from owning firearms. Indeed, *Heller's* emphasis on law-abiding citizens is widely understood to exclude felons from the protections under the Second Amendment, making § 922(g)(1) constitutional.

Carter wants the Court to disregard *Heller's* law-abiding citizen language. He says it is merely dicta that does not bind this Court, especially after *Bruen*.  But to do so would go against the *Bruen* Court's clear intention to preserve *Heller*.

The *Bruen* Court states that its holding was "in keeping with *Heller*." *Bruen* at 2126. Consistently, the Supreme

3

Court uses *Heller's* "law-abiding citizen" language in reference to an individual's Second Amendment rights. *See, e.g., Bruen* at 2122-24, 2138, 2150, 2156, and 2162. In his concurring opinion, Justice Alito explicitly clarifies that *Bruen* does not "disturb anything ... in *Heller* or *McDonald v. Chicago* ... about restrictions that may be imposed on the possession or carrying of guns." *Id*. at 2157.

Justice Kavanaugh, joined by the Chief Justice, also reiterates in his concurrence that "the Second Amendment allows a 'variety' of gun regulations," as *Heller* prescribes. *Id.* at 2162. Even dissenting Justices Sotomayor, Breyer, and Kagan understood *Bruen* to "cast no doubt" on laws prohibiting firearm possession by felons. *Id*. at 2189 (Breyer, J., joined by Sotomayor, J., and Kagan, J., dissenting).

Because the *Bruen* Court took care to keep *Heller* in place, this Court need not engage in an analysis of §922(g)(1) to determine if it is consistent with the nation's historical tradition of firearm regulation. As a convicted felon, Carter is not a "law-abiding citizen" who can access the privileges of the Second Amendment. His conduct falls outside bounds—and thus, the plain text—of the Second Amendment, as informed by *Heller*.

### B. The Case Law Carter Cites Is Unpersuasive, And The Court Is Still Bound By *Carey.*

The Court acknowledges that a small minority of courts have reached different conclusions, but the facts of those cases are distinguishable. For example, Carter points to *United States v. Zackey Rahimi*, No-21-1101, 23 WL 1459240 (5th Cir. Feb. 2, 2023). That case concerns the possession of a firearm by a defendant subject to a restraining order under §922(g)(8)— not the possession of a firearm by a convicted felon under §922(g)(1).

The Court is also aware of the recent decision by the Third Circuit to vacate and rehear a constitutional challenge to §922(g)(1); *Range v. Att'y Gen. United States of Am.*, 56 F.4th 992 (3d Cir. 2023). That case has little value. The decision to vacate and rehear a case in another circuit is not grounds for this Court to rule contrary to established law. Since *Bruen*, no appellate court has held that § 922(g)(1) violates the Second Amendment.

Finally, the Court is bound by the Sixth Circuit's decision in *Carey*, which unambiguously upholds felon-in-possession statutes. *United States v. Carey,* 602 F.3d 738, 741 (6th Cir. 2010).

## III. Conclusion

Carter's motion is **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  5/9/2023